IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3176-D

CHRIS A. JONES, )
)
                Plaintiff, )
)
v. ) **ORDER**
)
NC DEPARTMENT OF PUBLIC )
SAFETY, et al., )
)
                Defendants. )

On July 18, 2016, Chris A. Jones ("Jones" or "plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. On May 5, 2017, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 14], and recommended dismissing Jones's complaint for failure to state a claim. Jones objected to the M&R [D.E. 15].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Jones's objections. As for those portions of the M&R to which Jones made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which Jones objected. Jones's objections reiterate arguments stated in his complaint, and do not meaningfully rebut the M&R. Because Jones's objections fail to meaningfully rebut the M&R, de novo review is not required. See, e.g., Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Alternatively, Jones's objections lack merit. First, Jones does not plausibly allege an Eighth Amendment claim. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Rhodes v. Chapman, 452 U.S. 337, 349 (1981). Furthermore, Jones's objections include allegations that he did not include in his complaint and describe issues arising either after he commenced this action or so close in time to his complaint that he could not have exhausted his administrative remedies. See Pl. Ex. 1 [D.E. 15-1] (discussing alleged retaliation occurring on September 24, 2016). To the extent Jones asserts defendants retaliated against him by hampering his ability to litigate this case, his filings in this action, and several others, belie that contention. See, e.g., Jones v. Dunn, No. 5:16-CT-3003-D, [D.E. 40] (E.D.N.C. Aug. 5, 2016) ("Despite Jones's belief that prison personnel do not mail his missives to the court, the court has 349 pages of materials which amply demonstrate otherwise.").

In sum, after reviewing the M&R, the record, and Jones's objections, the court ADOPTS the conclusions in the M&R [D.E. 14], OVERRULES Jones's objections [D.E. 15], and DISMISSES Jones's complaint, without prejudice for failure to state a claim upon which relief can be granted.

SO ORDERED. This 27 day of August 2018.

JAMES C. DEVER III
Chief United States District Judge